c

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  8 / 6 / 15 ␣

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

WILLIAM J. BURLEIGH IV, et al.    DOCKET NO.:1:15-cv-00666

VERSUS

KENNETH JAMES, et al.    JUDGE DEE D. DRELL
    MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is a motion to remand filed by plaintiffs, William J. Burleigh IV and Kandace Burleigh, which was referred to me by the district judge for report and recommendation (Doc. 9).

### Procedural Background

Plaintiffs filed suit on February 18, 2015, in the Ninth Judicial District Court, Parish of Rapides, State of Louisiana against Kenneth James, his employer, LBM, Inc. and its insurer, Travelers Property Casualty Insurance Company (Doc. 1-3). Plaintiffs alleged that on April 28, 2014, James' caused an automobile accident when he turned the bus he was operating into William Burleigh's lane of travel.

On March 20, 2015, defendants filed a notice of removal alleging this court had subject matter jurisdiction because James was a federal employee in the course and scope of employment at the time of the accident (Doc. 1). In support, they cited the fact that James was operating a government owned bus and was transporting Fort Polk soldiers to the Alexandria International Airport. Defendants further argued that as a federal employee, James was immune from suit and the

case should proceed in federal court under the Federal Tort Claims Act[1].

Plaintiffs responded by filing the instant motion to remand and arguing this court lacked subject matter jurisdiction because James was not an employee of the United States.   Plaintiffs noted that James' employment was the result of a multi-tier contract with the United States Army to provide transportation services.    Plaintiffs further argued removal under the Westfall Act[2] was improper as James' employment was never certified and the U.S. Attorney was the proper party to remove the case once certification was issued.

Defendants argued in opposition that the failure to seek certification prior to removal was of no consequence and even if it was, they had now contacted the U.S. Attorney and requested James be certified under the Westfall Act.

In light of the anti-shuffling provisions in §1447(d) and §2679(d) (2) and in the interest of judicial economy[3], I ordered the motion to remand be pretermitted pending the U.S. Attorney's response (Doc. 13).

On July 16, 2015, I granted defendants' request for leave to file supplemental exhibits to their opposition to the motion to remand. Key among those documents was a letter dated July 6, 2015, from U.S. Attorney Stephanie Finley -signed by Assistant U.S. Attorney Jennifer B. Frederick- advising "the U.S. Attorney [wa]s unable to certify that

---

[1] 28 U.S.C. §2671.
[2] 28 U.S.C. §2679.
[3] Once a U.S. Attorney certifies the defendant is a federal employee acting within the course and scope of such employment, the district court may not remand the case even if the court finds the certification is unwarranted. Osborn v. Haley, 549 U.S. 225 (2007).

2

Kenneth James was a federal employee in the course and scope of employment with the United States of America at the time of the events complained of on April 28, 2014." (Doc. 20).

On July 28, 2015, the District Judge granted defendants' motion for leave to file a third party demand (Doc. 24). Therein, defendants asked the court to certify James as a federal employee acting within the course and scope of employment at the time of the automobile accident and make the United States a third-party defendant.

### Law and Analysis

While the grant of certification by the U.S. Attorney would have conclusively established federal jurisdiction, failure to grant certification does not foreclose the issue. Where, as here, the defendant requests the court to step in and certify employment, the court takes on the federal question of whether the person is a government employee.[4]

The Federal Tort Claims Act defines "employee of the government" as: (1) officers or employees of any Federal Agency; (2) members of the military or naval forces of the United States; and (3) persons acting on behalf of a Federal Agency in an official capacity."[5] While the United States has waived sovereign immunity under the FTCA for negligent acts of its employees while acting within the course and

---

[4] 28 U.S.C. §2679(d)(3); Logue v. United States, 412 U.S. 521, 528 (1973); Cavazos v. United States, 776 F.2d 1263, 1264 (5th Cir.1985); Rodriguez v. Sarabyn, 129 F.3d 760, 765 (5th Cir.1997).
[5] 28 U.S.C. §2671.

scope of employment, it has not waived immunity from suit for the negligent acts of its independent contractors.[6]

In determining whether an individual is an employee or independent contractor, courts use the common law agency test which weighs the 10 factors set forth in §220 of the Restatement (Second) of Agency[7]:

(a)   the extent of control which, by the agreement, the master may exercise over the details of the work;

(b)   whether or not the one employed is engaged in a distinct occupation or business;

(c)   the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d)   the skill required in the particular occupation;

(e)   whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f)   the length of time for which the person is employed;

(g)   the method of payment, whether by the time or by the job;

(h)   whether or not the work is a part of the regular business of the employer;

(i)   whether or not the parties believe they are creating the relation of master and servant; and

(j)   whether the principal is or is not in business.

---

[6] United States v. Orleans, 425 U.S. 807 (1976); Logue v. United States, 412 U.S. 521 (1973); 28 U.S.C. §2671 ("Federal Agency" excludes contractors with the United States).

[7] Broussard v. United States, 989 F.2d 171, 175 (5th Cir. 1993); Rodriguez v. Sarabyn, 129 F.3d 760, 765 (5th Cir.1997); Linkous v. U.S., 142 F.3d 271, 275 (5th Cir.1998).

Though no single factor is dispositive, the key consideration remains: who has control over the detailed physical performance of the contractor?[8]

As evidence of the employer/employee relationship, defendants rely upon the following facts: the United States provided the vehicles and gasoline; the location of the workplace; the place and time for pick up and drop off; requirements for licensing, certification and qualifications of those operating the vehicles, and the United States was in the business of transporting its soldiers. At first glance, these factors do weigh in favor of James being considered an employee rather than an independent contractor; however, consideration must be given to the contracts that established the relationships between the United States, Data Solutions Technology, Inc. ("DST"), LBM, Inc. and James.

The United States and DST entered into a contract for "vehicular transportation services at Fort Polk, Louisiana." (Doc. 11-2, p.100). That contract specified the United States would provide a fleet of vehicles; credit cards for gasoline purchases; and space within which DST could operate, but DST was responsible for establishing and maintaining a workforce; maintaining the government vehicles; establishing a protocol with the United States for requesting transportation; and coordinating all aspects of transportation services. The contract further specified the qualifications the workforce must possess and how they should appear and act while on duty, but DST was tasked with ensuring the workforce possessed and

---

[8] <u>Logue</u>, 412 U.S. at 527-528.

maintained the qualification, attended trainings and presented for work in accordance with the contractual requirements.

DST then mandated in its contract with LBM, Inc. that it "provide personnel with the appropriate skill sets, licenses and security clearances" and "furnish all supplies, materials, equipment and employee training" necessary to satisfy the requirements of the [government contract] (Doc. 11-3, p.6). DST also mandated that all communications regarding the performance of the contract be made solely between LBM, Inc. and DST. "[C]onduct[ing] direct coordination" with the United States was prohibited (Id.).

The terms of the contract provide no indication that the United States had any intention of creating an employer/employee relationship with James. DST and/or LBM, Inc. provided the details regarding how James was to perform his job and they supervised his performance. LBM, Inc. – and thus, James – was precluded from having any contact with the United States regarding transportation services. The hiring of the workforce was done by DST and LBM, Inc. without involvement of the United States and James' hourly rate was paid by LBM, Inc. Thus, the weight of the evidence shows that an employer/employee relationship did not exist between James and the United States. Accordingly, this court lacks jurisdiction and the case should be remanded.[9]

## Conclusion

Therefore, **IT IS RECOMMENDED** that the plaintiffs' motion to remand (Doc. 9) be **GRANTED** and this case be remanded to the Ninth

---

[9] See Linkous v. U.S., 142 F.3d 271, 275 (5th Cir.1998).

Judicial District Court, Rapides Parish, Louisiana for further proceedings.

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.   Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.   Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana on this 6th day of August, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE