U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 1 4 2015

TONY R. MOORE, CLERK
BY _____MB_____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM J. BURLEIGH, IV, ET AL. | CIVIL ACTION NO. 1:15-CV-0666 |
| -vs- | JUDGE DRELL |
| KENNETH JAMES, ET AL. | MAGISTRATE JUDGE KIRK |

## RULING

In connection with their motion to remand, Plaintiffs also claim that costs, expenses, and attorney's fees should be awarded pursuant to 28 U.S.C. § 1447(c), which states in pertinent part: "An order remanding the case may require payment of just costs, and any actual expenses, including attorney's fees, incurred as a result of the removal." However, such an award is discretionary and there is no automatic entitlement to an award of attorney's fees when a court finds that removal was improper. See American Airlines, Inc. v. Sabre, Inc., 694 F.3d 539, 541–42 (5th Cir. 2012). Rather, absent unusual circumstances, a court may only award attorney's fees when the removing party lacks an objectively reasonable basis for removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

After reviewing the record and ruling on the motion to remand, we find that Defendants had an objectively reasonable basis for removal under 28 U.S.C. § 1441(a), which states that a defendant may remove a civil action filed in state court if a federal court would have original jurisdiction. The Federal Tort Claims Act (FTCA) "enables District Courts to exercise jurisdiction over claims against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while

acting within the scope of his office or employment." See Davis v. United States, 961 F.2d 53, 56 (5th Cir. 1991).

Under 28 U.S.C. § 2679, the Attorney General has the power to remove a FTCA case from state court upon certification "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." Absent a certification from the Attorney General, 28 U.S.C. § 2679(d)(3) gives a defendant employee the right to petition "the court to find and certify that the employee was acting within the scope of his office or employment." See Rodriguez v. Sarabyn, 129 F.3d 760, 765 (5th Cir. 1997) (providing that regardless of an the Attorney General's certification, federal courts have the power to determine whether a person is an employee of the government or an independent contractor).

Here, Defendants removed the case claiming that Kenneth James was a federal employee at the time of the alleged incident and that the United States should be substituted as the proper defendant. Even though a certification from the Attorney General had not been obtained, we find that removing the case for a determination of whether Kenneth James was a federal employee was objectively reasonable because the question of whether someone is a federal employee or an independent contractor is a question of federal law. See id. Thus, Plaintiffs' motion for an award of attorney's fees will be DENIED. However, because Plaintiffs prevailed in their motion to remand, the award of costs is appropriate and will be GRANTED.

**SIGNED** on this 14 day of December, 2015 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT